## CUTLER *vs.* COCHRAN.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

On the dissolution of a partnership by mutual consent, it still continues for the purpose of liquidation ; and all the partners must join in a suit against any of its debtors for the collection of debts due the firm.

So, on a dissolution of the firm by the death of a partner, the surviving partner cannot sue without joining the representatives of the deceased one.

Where an obligation is made to a commercial firm, the partners composing it must join in the action. The debt is due the partnership *collectively*, and not to one or other of the partners as creditors *in solido*.

An action cannot be maintained by one partner for the *use of himself and the others*, when his authority to sue is expressly denied and not proved.

EASTERN DIST.
*May*, 1839.

CUTLER
*vs.*
COCHRAN.

This is an action on three several promissory notes subscribed by the defendant and made payable to the order of Messrs. Edward Clarke & Co., dated at New-York, September 20th, 1836.

The plaintiff sets out the case thus : " The petition of Samuel Cutler, of the city of Boston, state of Massachusetts, *for himself and for the use of* Edward Clarke and Edward L. Penniman, also of said city of Boston, and therein lately doing business, under the style of Edward Clarke & Co., respectfully shows, &c." He prays judgment for the amount of the notes sued on.

The defendant admitted his signature to the notes, but expressly denies every other allegation in the petition. He specially denies the right and title of the plaintiff, Cutler, to the notes sued on, and his authority to institute suit, and prays that it be dismissed.

Upon these pleadings and issues, the cause was tried before the court and a jury.

The plaintiff's attorney was the only witness, and his testimony all that was offered, except the notes.

The witness stated that he had called on the defendant before he instituted suit, and desired him to settle and pay the notes, who expressed great anxiety and willingness to do so. That after several interviews and fruitless negotiations, they were unable to come to any settlement, and suit was then commenced.

The judge charged the jury, " that after the dissolution of the commercial partnership referred to in the petition, it was not necessary for all the partners to transfer the notes sued on to the plaintiff, in order to enable him to collect them ; that the obligees in this case are joint and several obligees, not joint obligees alone." The defendant's counsel excepted to this charge.

The jury returned a verdict for the plaintiff, and from judgment rendered thereon, the defendant appealed.

*Sterrett*, for the plaintiff.

CUTLER
*vs.*
COCHRAN.

*Strawbridge*, for the defendants, insisted that it was necessary for all the partners to join in this suit. That in all actions on contracts, the joint contractors must be made parties. *Gow on Partnership*, 137. *Collier on Partnership*, 395-6. 3 *Louisiana Reports*, 395. 7 *Ibid*. 197.

*Martin, J.*, delivered the opinion of the court.

The defendant and appellant relies for the reversal of the judgment against him, on a suggestion that the judge's charge to the jury was erroneous; that the plaintiff had no authority to sue, and should have been non-suited.

The plaintiff, for the use of Clark & Penniman, his former commercial partners, and himself, sues for the amount of three notes of the defendant, payable to the late firm of E. Clarke & Co., of which the said Clarke, Penniman and the plaintiff, were the only members. The judge charged the jury, that after the dissolution of the firm, it was not necessary for all the partners to transfer the notes sued upon, to the plaintiff, in order to enable him to collect them. That the obligees in this case are joint and several obligees, and not joint obligees only. To this charge the defendant's counsel excepted.

It appears to us the court erred. The defendant and appellant, by his answer, had expressly denied the plaintiff's property in the note, and his right to sue thereon, without the authority of his former partners. He did not produce any.

On the dissolution of a commercial partnership by mutual consent, the partnership continues for the purpose of liquidation: but as during its existence all the partners must join in a suit against its debtors, although either of the partners might receive payment of the debt, so, after the dissolution, an individual partner, notwithstanding he may still receive payment, cannot institute a suit without joining his co-partners. He cannot have more power after the dissolution of the partnership than he had before.

*On the dissolution of a partnership by mutual consent, it still continues for the purpose of liquidation, and all the partners must join in a suit against any of its debtors for the collection of debts due the firm.*

The general rule is, that in actions founded on contracts, all the joint contractors must be made parties. *Gow on Partnership*, 137. *Louisiana Code*, 2080.

On the dissolution of a partnership by the death of a partner, the survivor cannot sue, without joining the representatives of the deceased one. In the case of *Crozier* vs. *Hodge*, 3 *Louisiana Reports*, 357, this court held, that " Where the obligation is made to a commercial firm, the partners composing it must join in the action ; for the debt is due to the *partnership collectively*, and not to one or other of the partners, as creditors *in solido*."

It remains to be considered, whether the suit being brought by one of the former partners for himself and for the use of the two others, the latter may be considered as parties thereto. We do not think so. No man is a party plaintiff to a suit, who does not cause it to be instituted, or authorizes its institution in his name. The authority of Cutler to sue for his former partners, or to their use, is expressly denied, and no evidence of it has been administered.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, the verdict set aside, and the case remanded for further proceedings, with leave to the plaintiff to amend his petition ; he paying the costs of the appeal, and, also, those of the court below.

---

EASTERN DIST.
*May*, 1839.

CUTLER
*vs.*
COCHRAN.

So, on a dissolution of the firm by the death of a partner, the surviving partner cannot sue without joining the representatives of the deceased one.

Where an obligation is made to a commercial firm, the partners composing it must join in the action. The debt is due the partnership collectively and not to one or others of the partners as creditors *in solido*.

An action cannot be maintained by one partner for the use of himself and the others, when his authority to sue is expressly denied and not proved.